## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>            Plaintiff,<br>v.<br><br>JOHN DOE, subscriber assigned IP address 68.9.25.41,<br><br>            Defendant. | Civil Action No.<br>3: 20 - CV - 960  (CSH)<br><br><br><br>OCTOBER 16, 2020 |

### ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE [Doc. 7]

**HAIGHT, Senior District Judge:**

Plaintiff's "Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" [Doc. 7] is hereby GRANTED. Upon thorough review of Plaintiff's motion, supporting memorandum, and affidavits, the Court does hereby:

**FIND, ORDER AND ADJUDGE**:

1. Under relevant Second Circuit authority, Plaintiff Strike 3 Holdings, LLC (herein "Strike 3" or "Plaintiff")  has established that "good cause" exists for the Court to grant Plaintiff leave to serve a third party subpoena on Cox Communications (hereinafter the "Internet Service Provider" or "ISP") for the purpose of determining the identity of the alleged infringer, Defendant Doe.  *See, e.g., Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (listing five factors to evaluate subpoenas seeking identifying information from ISPs regarding subscribers who are parties to copyright infringement litigation).  *See also Strike 3 Holdings, LLC v. Doe*, No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at *2 (D. Conn. Nov. 1, 2017); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*,

284 F.R.D. 185, 189 (S.D.N.Y. 2012); *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004); *UN4 Prods., Inc. v. Doe*, No. 17-CV-3278 PKC (SMG), 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017); *Malibu Media, LLC v. John Does 1-11*, No. 12 Civ. 3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013).  In particular, with respect to the five factors, (1) Plaintiff has stated a prima facie case for actionable harm due to copyright infringement; (2) Plaintiff has narrowly tailored and specified the information sought by the discovery request (the alleged infringer's identity: true name and address); (3) there are no alternative means to obtain the subpoenaed information; (4) the subpoenaed information is necessary to advance the claim at issue; and (5) the Plaintiff's interest in protecting its copyrights from mass BitTorrent infringers outweighs the Defendant's right to privacy in these circumstances.[1]

2.  Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3.  Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), the ISP shall

---

[1] Although the Court is sensitive to the fact that Doe's "viewing of [such] copyrighted works may be the source of public embarrassment, courts [within this Circuit] have nonetheless concluded that ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Strike 3 Holdings, LLC v. Doe*, No. 1:19-CV-11466-AJN, 2020 WL 264584, at *3 (S.D.N.Y. Jan. 17, 2020) (citation and internal quotation marks omitted). *See also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 124 (2d Cir. 2010) (finding Doe Defendant's "expectation of privacy for sharing copyrighted [works] through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement").

comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the Defendant.[2]

5. The ISP shall have twenty-one (21) days from the date of service of the Rule 45 subpoena upon it to serve the Defendant Doe with a copy of the subpoena and a copy of this Order. The Defendant shall then have fourteen (14) days to file any motions with this Court to contest the subpoena, as well as to request to litigate the subpoena anonymously.

6. The ISP may not turn over Defendant Doe's identifying information to Strike 3 before the expiration of this fourteen-day period.  Also, during this fourteen-day period, if Defendant Doe contests the subpoena, he or she shall so notify the ISP so that it is on notice not to release any of Doe's contact information to Plaintiff until the Court rules on any such motions.

7.  Defendant Doe is advised that even if he or she does not file a motion to quash or modify the subpoena, he or she may still proceed in this case anonymously at this time. This means that the Court and the Plaintiff will know his or her identity and contact information, but that information will not be made public unless and until the Court determines there is no basis to withhold it.

8.  If Defendant Doe wishes to proceed anonymously without filing a motion to quash or

---

[2] Under 47 U.S.C. § 522(5), "the term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

47 U.S.C. § 551(c)(2)(B) states, in pertinent part:

> A cable operator may disclose such [personally identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

modify the subpoena, he or she (or, if represented, counsel) should provide the Court with a letter stating that he or she would like to proceed anonymously in the case. This must be done within fourteen (14) days of receipt of the subpoena from the ISP. Doe must identify himself or herself in the letter by the case number and his or her IP address. If such a letter is submitted, Doe's identity and contact information will not be revealed to the public unless and until the Court states otherwise.

9. If Defendant Doe moves to quash the subpoena during the fourteen-day period, the Court will resolve that motion and then instruct the ISP when it may, if ever, turn the requested discovery over to the Plaintiff.

10. Alternatively, if the fourteen-day period referenced in the preceding paragraphs elapses without Defendant Doe contesting the subpoena, the ISP shall have seven (7) days thereafter to produce to Plaintiff the information which is responsive to the subpoena.

11. Plaintiff may only use the information disclosed by an ISP (the true name and address of the Defendant), in response to service of the Rule 45 subpoena, for the purpose of protecting and enforcing Plaintiff's rights under its copyright, as set forth in its Complaint.

It is SO ORDERED.

Signed: New Haven, Connecticut
        October 16, 2020

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge